**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BRADLEY T. LIVINGSTON, | * | |
| Plaintiff, | * | |
| v. | * | |
| STEVE STONER AND VIRGIE STONER, | * | Civil No. 26-2320-BAH |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Bradley T. Livingston ("Plaintiff") filed the above-captioned complaint, ECF 1, and amended complaint, ECF 9, pro se together with a motion for leave to proceed in forma pauperis, ECF 11, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  Here, because the Court lacks subject matter jurisdiction over Plaintiff's claims, this action must be dismissed.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings suit against defendants Steve and Virgie Stoner (collectively, "Defendants"). *See* ECF 9, at 1. Plaintiff appears to allege harm suffered after Defendants, in whose house Plaintiff lived, obtained a temporary protective order against him. *See id.* In his original complaint,[1] Plaintiff invokes federal question jurisdiction and "alleges that Defendant [Virgie Stoner] violated the rights protected by the above federal law(s), giving rise to federal-question jurisdiction under 28 U.S.C. § 1331." ECF 1, at 4. It is not clear from the original complaint to which specific "federal law(s)" Plaintiff refers, but Plaintiff alleges interference with

---

[1] Typically, an amended complaint supersedes any earlier filed complaint such that the earlier complaint has no legal effect. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). In accordance with its obligation to liberally construe a pro se plaintiff's allegations, *see Erickson*, 551 U.S. at 94, the Court considers the allegations Plaintiff has brought in the initial and amended complaints.

his mail, *id.* at 6, and the civil cover sheet cites "[f]ederal mail tampering laws (such as 18 U.S.C. §§ 1701–1708," ECF 1-2, at 1.

The Court does not have federal question jurisdiction over Plaintiff's claims because "there is no private right of action under criminal statutes pertaining to mail tampering." *Ross v. N. Carolina Dep't of Revenue*, No. 0:18-836-MGL, 2018 WL 5262685, at *2 (D.S.C. Oct. 23, 2018) (quoting *Whitney v. U.S. Postal Serv.*, 101 F.3d 686, at *1 (2d Cir. 1996) (Table)); *see also Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) ("[F]ederal courts uniformly have held that there is no private right of action under [18 U.S.C. § 1703]." (citing *Schowengerdt v. General Dynamics Corp.,* 823 F.2d 1328, 1340 n. 20 (9th Cir. 1987); *Sciolino v. Marine Midland Bank–Western,* 463 F. Supp. 128, 131–34 (W.D.N.Y. 1979))).

Nor does the Court have diversity jurisdiction to the extent Plaintiff's complaint can be interpreted as bringing state law claims. "The statute [28 U.S.C. § 1332(a)] has long been interpreted to require complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Hawkins v. iTV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 222 (4th Cir. 2019) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, all parties are citizens of Maryland, ECF 9, at 1, so there is not complete diversity. This is enough to destroy diversity jurisdiction, but the Court also notes that Plaintiff's demand of $150,000 in the initial complaint, ECF 1, at 7, does not appear to be connected in good faith to the claims alleged. *See Washington v. CUNA Mut. Grp.*, Civ. No. RWT 13-3102, 2014 WL 2615767, at *1 (D. Md. June 10, 2014) (citing *Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 518 (D. Md. 2002)) (finding that "the $250,000 in damages requested are totally unsupported as the Plaintiff offers no information about how he calculated this number or even how he suffered harm" and finding amount in controversy not met).

Because this Court does not have either diversity jurisdiction or federal question jurisdiction, the Court must dismiss the complaint and amended complaint for lack of subject matter jurisdiction.

Accordingly, it is this 15th day of July, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 11, is GRANTED;

2. Plaintiff's complaint, ECF 1, and amended complaint, ECF 9, are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

3. Plaintiff's remaining motions, ECFs 4, 6, and 13, are DENIED AS MOOT; and

4. The Clerk SHALL PROVIDE a copy of this memorandum and order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge

4